

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00087-CV

_____

TARRANT COUNTY, TEXAS, Appellant

V.

SHANADRIA REEVES, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-326847-21

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellee Shanadria Reeves sued Appellant Tarrant County (the County) for damages resulting from a car wreck. Reeves and the County stipulated to the reasonableness and necessity of Reeves's past medical expenses in the amount of $12,813.21. The issues of Reeves's noneconomic damages and future medical expenses were tried before a jury, and the jury awarded Reeves $15,000 for future physical pain and mental anguish and $50,000 for future medical expenses. The trial court denied the County's motion to disregard the jury's award for future medical expenses and entered judgment in accordance with the jury's verdict. In its sole issue, the County argues that the evidence is insufficient to support the jury's award for future medical expenses. We will modify the judgment to delete the award of future medical expenses and affirm as modified.

## I. Relevant Facts[1]

While on her way to work on September 9, 2019, Reeves was in a car wreck with a Tarrant County deputy constable. At the scene, Reeves complained of injuries to her ankle, knee, and lower back. Reeves was taken by ambulance to the hospital,

---

[1]Reeves objects to the County's statement of facts arguing that it does not comply Rule 38.1(g) of the Texas Rules of Appellate Procedure because it is argumentative and factually incorrect. Tex. R. App. 38.1(g). Reeves asks this court to strike the County's statement of facts and dismiss the appeal for failing to comply with Rule 38.1(g). The County's statement of facts is supported by record citations. While the statement of facts may be characterized as persuasive, we do not find it to be argumentative in violation of Rule 38.1(g). We decline Reeves's request to strike the County's brief and dismiss the appeal.

where she was diagnosed with a contusion of her right knee and a sprain of her right ankle; she was discharged that same day.

A few days later, Reeves sought chiropractic care for her injuries. Dr. Amy Mohr diagnosed Reeves with a lumbar sprain/strain, right knee sprain/strain, and right ankle sprain/strain and recommended rehabilitation therapy. Dr. Gregory Gardner also treated Reeves and ordered an MRI on her lumbar spine. The MRI revealed that Reeves had a disc protrusion on the L5-S1.

Reeves testified at trial that she received treatment from Dr. Mohr for two or three months. Reeves saw Dr. Gardner approximately ten times between September 17, 2019, and January 19, 2021, in relation to her injuries. In her earlier visits, Reeves had reported that she continued to experience lower back pain, but Dr. Gardner's report from January 19, 2021, indicated that Reeves's pain had improved. Reeves testified at trial that— although she was still experiencing pain—she had not received any medical treatment for her injuries in well over two years.

A video of Dr. Mohr's deposition testimony was played for the jury.[2] Dr. Mohr explained that Reeves had a disc protrusion that was permanent. Her treatment plan for Reeves included twelve visits for physical rehabilitation. According to Dr. Mohr, Reeves progressed well with rehabilitation and had a good prognosis. Dr. Mohr did not refer Reeves for any other treatment other than to continue to see Dr. Gardner.

---

[2]A transcription of the video testimony was admitted for record purposes only as Plaintiff's Exhibit 81.

When asked whether in her opinion Reeves would need future chiropractic care or other medical care, Dr. Mohr responded, "Yeah it's pretty likely as she gets older or she has kids or things like that that might exacerbate that condition, she might need some future medical care."

## II. Sufficient Evidence

In its sole issue, the County argues that the evidence is insufficient to support the jury's award for future medical expenses.

### A. Standard of Review and Applicable Law

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We indulge "every reasonable inference deducible from the evidence" in support of the challenged finding. *Gunn*, 554 S.W.3d at 658 (quoting *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017)).

Various courts of appeals, including this court, have developed caselaw regarding legal sufficiency of the evidence for future-medical-expense awards within the general parameters of legal-sufficiency review established by the supreme court. *McDaniel v. Dindy*, 673 S.W.3d 24, 38 (Tex. App.—Fort Worth 2023, no pet.) (corr. op.); *Columbia Med. Ctr. of Las Colinas v. Bush ex rel. Bush*, 122 S.W.3d 835, 842, 863 (Tex. App.—Fort Worth 2003, pet. denied).

A jury's award for future medical expenses must be supported by evidence showing the reasonable probability that medical care will be necessary in the future and the reasonable cost of that care. *McDaniel*, 673 S.W.3d at 42. The reasonable cost of future medical care can be established by expert testimony on the subject or by evidence of the reasonable cost of past medical care. *Id.* Within these broad evidentiary bounds, though, the amount of the award is left to the sound discretion of the jury. *Id.*

**B. Discussion**

The County argues that the evidence is insufficient to show (1) a reasonable probability that Reeves will require future medical care and (2) the reasonable cost of that care, contending that Dr. Mohr's testimony raised only the possibility of future medical care. According to Reeves, that argument fails because the jury was not limited to Dr. Mohr's testimony and records.

We agree that the jury was not limited to Dr. Mohr's testimony: a jury can determine the amount of future medical expenses and care based on the injuries

5

suffered, the medical care rendered before trial, the progress toward recovery under the treatment received, and the injured party's condition at the time of trial. *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). But to sustain an award for future medical expenses, Reeves had to present evidence to establish that (1) in all reasonable probability, future medical care would be required and (2) the cost of that care. *Id.*

Although Dr. Mohr stated that Reeves's disc injury is permanent, she also stated that Reeves progressed well with rehabilitation and had a good prognosis. Dr. Mohr did not testify that Reeves would in all reasonable probability need future medical care but rather opined only that Reeves "might" need future medical care as she gets older because it is "likely" that having children or things like that could exacerbate her condition. Reeves indeed had a child in October 2023 but had not received any medical care for her injuries from the accident since 2021, and there was no evidence that she intended to receive further treatment.

Evidence suggesting the possibility of future treatment, rather than a probability, will not support an award for future medical expenses. *Lara v. Bui*, No. 01-21-00484-CV, 2023 WL 2249205 at *7 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, pet. denied) (mem. op); *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 906 (Tex. App.—Texarkana 2004, pet. denied). Dr. Mohr's deposition testimony provided evidence only of the possibility of future medical care and was thus

insufficient to support the award of future medical expenses. *See Lara*, 2023 WL 2249205 at *7.

Even if Dr. Mohr's testimony sufficed to show a probable need for future medical care, Reeves had to present evidence to establish the cost of that care. *Rosenboom*, 995 S.W.2d at 828. In *Rosenboom*, the court held that in making its award for future medical expenses, the jury could consider (1) the doctor's testimony that the plaintiff suffered a fractured vertebrae, (2) testimony that the plaintiff's injury required a lengthy hospital stay, (3) testimony that the plaintiff suffered severe pain, (4) testimony regarding the plaintiff's medical treatment for her injuries, (5) the parties' stipulation that the plaintiff incurred reasonable and necessary medical expenses, and (6) the plaintiff's testimony at trial that she continued to suffer back pain. *Id.* But the court held that that was not sufficient to support future medical expenses without evidence establishing the reasonable probability both of future medical care and the *cost* of that care. *Id.*

As in *Rosenboom*, the jury could consider Reeves's treatment for her injuries, the County's stipulation that Reeves incurred reasonable and necessary medical expenses in the amount of $12,813.21, and Reeves's testimony that she continued to suffer pain at the time of trial. But no evidence established the cost of any future medical care. *See id.* Although Dr. Mohr testified that Reeves might require future medical treatment, she did not testify to the estimated cost of that treatment. Likewise, Reeves herself did not testify about any future medical care or its cost. In short, there was no evidence to

support the jury's award of $50,000 for future medical expenses. *See id.* Thus, we sustain the County's sole issue on appeal.

## III. Conclusion

Because we sustain the County's sole issue on appeal, we modify the judgment to remove the award of future medical expenses for Reeves. We affirm the judgment as modified.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 24, 2024